No. 64739.—Balfour, Guthrie & Co., Ltd., et al. *v.* United States, protests 997966–G, etc. (Los Angeles).

Opinion by RICHARDSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D 1155), the claim of the plaintiffs was sustained.

No. 64740.—Austin Nichols & Co., Inc., et al. *v.* United States, protests 33124–K/ 89345, etc. (Chicago).

Opinion by RICHARDSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D 1155), the claim of the plaintiffs was sustained.

No. 64741.—Schenley International Corp. *v.* United States, protests 45022–K, etc. (Seattle).

Opinion by RICHARDSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 64742.—Colorado Alcohol Co., Inc., et al. *v.* United States, protests 83223–K, etc. (Denver).

Opinion by RICHARDSON, J.  In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 64743.—Austin Nichols & Co., Inc., et al. *v.* United States, protests 105740–K, etc. (Los Angeles).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 64744.—Carillon Importers, Ltd., et al. *v.* United States, protests 159925–K, etc. (Minneapolis).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. C. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

BEFORE THE SECOND DIVISION, OCTOBER 19, 1960

No. 64745.—Dofan Handbag Co., Inc. *v.* United States, protest 58/22327 (New York).

LAWRENCE, Judge: An importation of handbag clasps was classified by the collector of customs as articles or wares, plated with gold, in paragraph 397 of the Tariff Act of 1930 (19 U.S.C. § 1001, par. 397), and duty was imposed thereon at the rate of 65 per centum ad valorem.

In its timely protest, filed with the collector in accordance with the provisions of paragraph 514 of said tariff act (19 U.S.C. § 1001, par. 514), plaintiff makes the following allegations:

\*    \*    \*    \*    \*    \*    \*

This entry should have been liquidated without the assessment of duty whatever, and, hence, a refund of $25.88 should be made. Instead, you have ignored the fact that this merchandise was never our property and had been entered by us in error, and was, as per your demand for redelivery of January 28th, 1952, returned to Idlewild Air Port, and, under Customs supervision, re-exported to France, as per Declaration CC 3985 and Air France airwaybill No. 2016556 of April 9, 1952.

Accordingly, we request you to re-liquidate this entry completely free of duty, and to make refund to us of the duties already paid.

In addition to the complete entry file, which was received in evidence as plaintiff's collective exhibit 1, the testimony of two witnesses was presented on behalf of plaintiff and one witness testified for the defendant. From the documentary and oral evidence thus presented, the following facts are to be derived—

1. Upon importation of the merchandise, customs brokers, as agents for Dofan Handbag Co., Inc., of 14 East 33d Street, New York, N.Y., entered the involved merchandise. Accompanying the entry was an invoice covering the articles in question, which was drawn to "Maison Dorian Handbags of 10 East 33d Street—New York 16, N.Y."